

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

Hassie-Demond Nowlin

    Plaintiff

CASE# 1:11CV423

-v-

NEW MILLENIUM BANK

    Defendant(s)

## COMPLAINT

Plaintiff, Hassie-Demond Nowlin, individually, hereby sues Defendant(s) NEW MILLENIUM BANK for violations of the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1), 47 USC § 227(a) (iii).

## PRELIMINARY STATEMENT

1. This is an action for damages and injunctive relief brought by Plaintiff against Defendants for violations of the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1), 47 USC § 227(a) (iii).

2. Upon belief and information, Plaintiff contends that many of these practices are widespread for some or all of the Defendants. Plaintiff intends to propound discovery to Defendants identifying these other individuals who have suffered similar violations.

3. Plaintiff contends that the Collection Company Defendant have violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt.

1

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. §1681p, 47 U.S.C. §227(b)(3), 15 U.S.C. §1692k(d), and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper pursuant to 28 U.S.C. §1391b. Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

6. This is an action for damages which exceed $15,000.00.

## PARTIES

7. Plaintiff, Hassie-Demond Nowlin, is a natural person and is a resident of the state of north carolina.

8. Upon information and belief Defendant, NEW MILLENIUM BANK is a foreign corporation, authorized to do business in north carolina.

## FACTUAL ALLEGATIONS

9. From Feb1 thru April 30, 2011, Defendant NEW MILLENIUM BANK violated the TCPA by leaving 4 recorded messages using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cell phone.

10. From Feb1 thru April 30, 2011, Defendant NEW MILLENIUM BANK violated the TCPA by calling Plaintiff's cell phone 4 times with no prior permission given by Plaintiff.

11. On Feb1 thru April 30, 2011 the Defendant NEW MILLENIUM BANK violated the TCPA by leaving recorded messages on Plaintiffs cell phone without express permission.

## COUNT I
## VIOLATIONS OF THE TELEPHONE
## COMMUNICATIONS ACT 47 U.S.C. §227

12. Plaintiff alleges and incorporates the information in paragraphs 1 through 13.

13. Defendant NEW MILLENIUM BANK has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by using an automatic telephone dialing system to call the Plaintiff's number, which is assigned to a cellular telephone service.

14. Defendant NEW MILLENIUM BANK has committed 4 separate violations of 47 U.S.C. §227(b)(1)(A) and Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B).

15. Defendant NEW MILLENIUM BANK has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) The last 20 calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were intentional. Plaintiff spoke with NEW MILLENIUM BANK four times after sending and receiving the Sue Letter and NEW MILLENIUM BANK assured Plaintiff that the calls would stop. Since then NEW MILLENIUM BANK refuses and continues to violate 47 U.S.C. An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

16. Defendant NEW MILLENIUM BANK has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by calling the Plaintiff's number, which is assigned to a cellular telephone service. The Plaintiff has never given NEW MILLENIUM BANK permission to call Plaintiffs cell phone. Plaintiff is entitled to damages of $1500 per violation

3

pursuant to 47 U.S.C. §227(b)(3)(B). Plaintiff and NEW MILLENIUM BANK do not have an established business relationship within the meaning of 47 U.S.C. §227.

17. Defendant NEW MILLENIUM BANK has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by continuing to call Plaintiff 4 times after receiving the intent to sue letter and after hearing the recordings with total disregard and in violation of 47 U.S.C. §227.

**WHEREFORE,** Plaintiff demands judgment for damages against NEW MILLENIUM BANK, for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. § 1681n(a)(b)(c).

**COUNT II**
**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANTS NEW MILLENIUM BANK**

18. Plaintiff alleges and incorporates the information in paragraphs 1 through 19.

19. NEW MILLENIUM BANK placed no less than 4 telephone calls to the Plaintiff's cellular telephone after receipt of Plaintiff's letter to cease and desist. Defendant knew or should have known that the phone calls made were inconvenient to the consumer. Such communications are prohibited by 15 U.S.C. § 1692c(a)(1). Defendant demands $4000.

20. NEW MILLENIUM BANK placed no less than 4 telephone calls to the Plaintiff's cellular telephone after receiving written notice from the Plaintiff to cease communications. Pursuant to 15 U.S.C. § 1692c(c), if such notice from the consumer is made by mail, notification shall be complete upon receipt. This clearly demonstrates willful violation of U.S.C. §1692c. Defendant demands $4000.

21. Defendants NEW MILLENIUM BANK continued collection activity after receiving notice of dispute, and failed to provide written validation of debt before resuming collection activities, in violation of 15 U.S.C.§1692g(b). Defendant demands $8000.

4

22. Defendants NEW MILLENIUM BANK violated §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $4000.

**WHEREFORE,** Plaintiff demands judgment for damages against NEW MILLENIUM BANK for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. § 1681n(a)(b)(c.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 25 of May, 2011

*/s/ Hassie-Demond Nowlin*

Hassie-Demond Nowlin
c/o 2020 Anthony Court
Greensboro, north Carolina [27406]
HDKNOWLIN@HOTMAIL.COM
(336)327-5716